UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> MOTHER'S FINEST, LTD. d/b/a PLEASURES <br><br> Defendant | ) ) ) ) ) Civil Action No. 6:25-cv-1002 ) ) ) ) ) ) ) ) |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain defendant Mother's Finest, LTD. d/b/a Pleasures ("Pleasures") from violating Sections 203(m)(2)(B), 206, 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5) of the FLSA, to recover unpaid compensation, and to recover tips Defendant kept from its employees, plus an equal amount in liquidated damages pursuant to Section 216(c) of the FLSA, for Defendant's employees.

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendant for compliance with the FLSA. The Acting Secretary's investigation reviewed Defendant's employment and pay practices from June 18, 2021 through June 15, 2023 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.[1]

---

[1] If Defendant continued to violate the FLSA after the Investigation Period, then the allegations and conditions of pay and employment disclosed herein are incorporated herein by reference, and Defendant may owe additional back wages and liquidated damages to employees for violations that continued after the Investigation Period.

1

## Jurisdiction and Venue

1.     This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2.     This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district within Sedgwick County, Kansas.

## Defendants

3.     Defendant Mother's Finest, LTD. d/b/a Pleasures is a corporation within this Court's jurisdiction with a location at 4849 S. West St., Wichita, Kansas 67217 where it conducts business.

4.     Mother's Finest, LTD. d/b/a Pleasures operates a nude gentlemen's club.

5.     During the Investigation Period, Defendant engaged in business within Sedgwick County, Kansas within this Court's jurisdiction.

## The FLSA Applies to Defendants

6.     Pleasures is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

7.     Pleasures is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period and at times thereafter. 29 U.S.C. § 203(s)(1)(A).

**FLSA Violations**

8. As a matter of economic reality, dancers who worked for Defendant were misclassified as independent contractors when, in fact, the dancers were economically dependent upon Defendant to employ them, including among other things:

   a. Defendant exercised significant control over the dancers' work, including but not limited to, setting the dancers schedules and determining the number of shifts for dancers to work, charging and setting the dancers' fees they were required to pay to Defendant, and setting forth rules about the dancers' performances;

   b. Defendant had control over the dancers' opportunity for profit or loss, as Defendant was in charge of attracting customers, pricing in the establishment, including pricing for lap dances and VIP rooms and club entrance, setting the club's hours of operation, and maintaining the establishment;

   c. The dancers were not invested in the building or any other aspects of the physical space in which they worked for Defendant;

   d. Dancers had little to no specialized skills to perform work at Defendant's establishment;

   e. Defendant maintained control of the dancers' licenses to work in Sedgwick county during their employment with Defendant,

   f. Defendant required dancers to sign contracts for their work at Defendant's establishment which were for an indefinite period of time; and

   g. The dancers were integral to Defendant's nude gentlemen's club business.

Accordingly, the dancers working at Defendant's establishment were Defendant's employees under the FLSA.

9. Defendant repeatedly violated Sections 206 and 215(a)(2) of the FLSA when Defendant failed to pay its employees at least $7.25 per hour. 29 U.S.C. §§ 206(a)(1), 215(a)(2). Defendant failed to pay dancers any wages for hours worked.

10. Defendant also repeatedly violated Sections 203(m)(2)(B) and 206 of the FLSA by taking and keeping dancers' tips. 29 U.S.C. §§ 203(m)(2)(B), 206(a)(1), 215(a)(2). Defendant collected fees from dancers out of their tips and kept the tips it collected from the dancers.

11. Defendant also repeatedly violated Sections 207 and 215(a)(2) of the FLSA when it failed to pay its employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2). Defendant failed to pay dancers any wages, including overtime wages of one-and-one half times their regular rate, during weeks in which the dancers worked in excess of 40 hours.

12. Defendant violated Sections 211 and 215(a)(5) of the FLSA when Defendant failed to keep complete and accurate records, including records of dancers' hours worked and tips received. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.

13. Section 15(a)(3) of the FLSA prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3). Defendant violated Section 215(a)(3) of the FLSA by intimidating and threatening dancers from participating in investigations or

litigation regarding their status as Defendant's employees by requiring dancers to sign contracts which contained a provision requiring the dancers to return or "kick back" any money they receive if any federal or state agency determines the dancers are employees and also requiring dancers to pay any costs and expenses incurred by Defendant in defending against any such claim. Defendant's contracts with the dancers state, in relevant part, as follows:

> Artist acknowledge and agrees that in the event that any governing federal or state agency determines that the relationship between agent [Defendant] and artist is other than that of agent and artist, artist agrees to reimburse and otherwise hold agent [Defendant] harmless from any and all Moines [sic] determined to be due artist. If the aforesaid action was initiated or supported by artist's assertion that the relationship is other than agent and artist, then, in addition to the reimbursement heretofore set forth, artist shall pay to agent all additional costs and expenses incurred by agent, including actual and reasonable attorney's fees in defense thereof.

14. Defendant's employees, including those who have signed this contract, have participated in the Acting Secretary's investigation and have or may participate in this litigation, and this contract term unlawfully seeks to have any such employee reimburse Defendant for any back wages they may receive as a result of this litigation or pay Defendant for any fees Defendant may incur as the result of this litigation.

15. As a result of Defendant's retaliatory conduct, described in paragraphs 13 and 14, a reasonable employee would be dissuaded from engaging in activities protected under the FLSA, such as participating in this litigation and cooperating with an investigation by the Acting Secretary into violations of the FLSA.

## Remedies Sought

16. As a result of their FLSA violations, Defendant owes the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendant

continued to violate the FLSA after the Investigation Period, then Defendant may owe additional back wages and liquidated damages to these and other employees.

17. Defendant may also owe additional back wages and liquidated damages, during the Investigation Period, to its employees whose identities the Acting Secretary does not currently know.

18. As a result of Defendant's FLSA violations, Defendant has unlawfully withheld unpaid compensation from its employees.

**Prayer for Relief**

As a result of Defendant's repeated FLSA violations, the Acting Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those in active concert or participation with Defendant, from violating Sections 203(m)(2)(B), 206, 207, 211, 215(a)(2), and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a)

B. Permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those in active concert or participation with Defendant, from violating Section 215(a)(3) of the FLSA, including enjoining and restraining Defendant from seeking to have any employee kick back or return any compensation that is due to them or seeking to have any employee pay back any of Defendant's costs or expenses that result from this litigation or the Acting Secretary's investigation into Defendant's FLSA violations.

C. Finding Defendant liable for unpaid minimum and overtime wages and for withheld tips, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A as well as to other of Defendant's employees not yet known to the Acting Secretary. 29 U.S.C. § 216(c).

D.      If the Court declines to award liquidated damages, then enjoining and restraining Defendant, its officers, agents, employees, and those persons in active concert or participation with Defendant, from withholding unpaid compensation found owing to Defendant's employees, plus prejudgment interest computed at the underpayment rate established by the Acting Secretary of the Treasury under 26 U.S.C. § 6621.

E.      Awarding punitive damages for Defendant's retaliation against employees in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3).

F.      Providing such other relief as may be necessary and appropriate.

G.      Awarding costs and granting such other and further relief as may be necessary and appropriate.

        **SEEMA NANDA**
        Solicitor of Labor

        **CHRISTINE Z. HERI**
        Regional Solicitor

        **EVERT VAN WIJK**
        Associate Regional Solicitor

        <u>/s/Laura O'Reilly</u>
        Laura O'Reilly
        KS Bar No. 25856
        U.S. Department of Labor
        Office of the Solicitor
        2300 Main Street, Suite 10100
        Kansas City, Missouri 64108
        816-285-7277
        Oreilly.laura.m@dol.gov

        *Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*

## EXHIBIT A

**Employee Name[2]:**

| |
|---|
| C.A. |
| B.A. |
| I.A. |
| D.A. |
| V.A. |
| T.B. |
| E.B. |
| A.B. |
| F.B. |
| K.B. |
| C.B. |
| F.B. |
| M.B. |
| B.B. |
| J.B. |
| M.B. |
| N.C. |
| R.C. |
| C.C. |
| S.C. |
| A.C. |
| E.C. |
| T.C. |
| S.D. |
| N.E. |
| L.F. |
| M.F. |
| L.G. |
| S.G. |
| K.G. |
| G.H. |
| O.H. |
| K.H. |
| P.H. |
| B.H. |

---

[2] Due to privacy concerns, the full names of the employees are not listed. The Acting Secretary will serve an Exhibit A on the Defendant with the full names of these employees.

| |
|---|
| A.H. |
| K.H. |
| D.J. |
| G.J. |
| J.J. |
| D.K. |
| H.K. |
| T.L. |
| N.L. |
| M.M. |
| K.M. |
| J.M. |
| A.M. |
| J.M. |
| M.M. |
| A.N. |
| T.P. |
| L.P. |
| J.P. |
| M.P. |
| J.P. |
| A.R. |
| K.R. |
| A.R. |
| A.R. |
| M.R. |
| S.R. |
| M.R. |
| L.S. |
| V.S. |
| B.S. |
| S.S. |
| N.S. |
| D.S. |
| J.T. |
| L.T. |
| E.V. |
| L.V. |
| I.W. |
| J.W. |
| L.W. |

| |
|---|
| A.W. |
| B.W. |
| A.Y. |
| L. (Last Name Unknown) |